### R. H. LOESSIN v. THE STATE.

#### No. 2808.   Decided June 8, 1904.

**1.—Compounding Crime—Charge of the Court.**

Where a requested charge does not correctly state the law in a misdemeanor case, it is not error to refuse it.

**2.—Same—Accomplice Testimony—Corroboration.**

Where a charge requested by defendant on the law of the testimony of an accomplice fails to state that the jury could not convict upon the testimony of an accomplice unless corroborated by other evidence tending to connect defendant with the offense, it is not correct and there was no error in refusing it.

Appeal from the County Court of Lavaca.   Tried below before Hon. C. J. Gray.

Appeal from a conviction of compounding crime; penalty, a fine of $100.

No statement necessary.

No brief for appellant.

*Howard Martin*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was prosecuted under article 291, Penal Code, for compounding crime, and his punishment assessed at a fine of $100. The information is as follows: That R. H. Loessin, on or about June 29, 1903, "well knowing that theretofore, to wit: at an earlier hour on 29 day of June, 1903, an offense or offenses against the penal laws of the State of Texas had been committed by Chas, Macha, in this: that the said Chas. Macha did in the State of Texas, and County of Lavaca, on or about June 29, 1903, unlawfully take and carry away from the farm of R. H. Loessin, without the consent of the said R. H. Loessin, certain fruit, to wit: a melon, the property of the said Loessin, and in the possession of the said Loessin, and further

that the said Chas. Macha, did on the 29 day of June, 1903, in said State of Texas, and county of Lavaca, willfully and maliciously injure and destroy certain growing fruit, to wit: a melon, by then and there cutting and pulling the same from the vine; the said growing fruit being then and there the property of the said R. H. Loessin, and being of the value of fifty cents, and the said cutting and pulling being without the consent of the said R. H. Loessin, and he, the said R. H. Loessin, did then and there on the day and date above written, and after the commission of the offense above written, unlawfully and corruptly agree with the said Chas. Macha in consideration of the sum of five dollars in money then and there paid and delivered to him by the said Chas. Macha, to the said R. H. Loessin, he would not inform upon and prosecute the said Chas. Macha for said offense or either of said offenses thus committed as above written by the said Chas. Macha." The evidence amply supports the allegations of the information.

During the trial, appellant asked the court to give the following charge: "Principals and accomplices are those who act together in the commission of offenses, and no conviction can be had upon the uncorroborated evidence of principals or accomplices. Now, if you find from the evidence in this case that the State relies upon the evidence of Eddie Macha and Adolph Bednar for a conviction in this case, and you find they are principals or accessories, and you further find that their evidence has not been corroborated, you will find the defendant not guilty." The Assistant Attorney-General in his brief insists that this special charge is erroneous, in that it should have stated that the jury could not convict defendant upon this witness' testimony unless corroborated by other evidence tending to connect defendant with the crime. We hold that this criticism of the charge is correct. This being a misdemeanor, it was the duty of appellant to tender the court a correct charge, before he could complain of the refusal thereof. The record before us does not contain the charge of the court, and for ought that appears a proper charge was verbally given by the court on the law of accomplices. In the absence of a showing on the part of appellant that the court did not give such a charge, we can not say there was any error in refusing appellant's charge, even conceding it is accurate.

Appellant complains of the argument of the county attorney in his speech to the jury; but we do not think this argument was calculated to injure the rights of appellant.

*Affirmed.*